Keating, J.
Bose E. Schmith died on December 31,1961. She was survived by three children, her son Abraham and her daughters Dorothea and Mollie.
In a paper writing purporting to be her last will and testament, she bequeathed, after a few minor legacies to others, $20,000 each to Mollie and Dorothea and the rest, residue and remainder to her son, the executor-respondent.
Objections to the probate of the will were filed by the daughters who charged, among other things, that the testamentary provisions were the product of Abraham’s fraud and undue influence.
Thereafter, the parties agreed to resolve their differences in the contested probate proceeding and for that purpose entered into a compromise agreement.
The agreement recited that it appeared doubtful whether or not the validity of the paper writing purporting to be the last will and testament of Bose E. Schmith would be admitted to probate and that, in the interest of a more harmonious family relationship and in order to prevent the delay and expense of litigation, the agreement compromising the controversy was being made.
The agreement went on to provide that Mollie and Dorothea agreed to withdraw their objection to the probate of the will and that the bequest of $20,000 to each of them would become part of the rest, residue and remainder of the estate. The agreement further provided “ [t]hat Schmith, as Executor, Legatee and Devisee, in consideration of the foregoing, agrees that all *401 of the rest, residue and remainder of the estate of Eose E. Schmith, Deceased, both real and personal, of every kind, nature and description, and wherever situate, of which the said Eose E. Schmith, deceased, died seized, possessed or entitled, and as to which she had at the time of her death the power of disposition or appointment, shall be divided equally among Schmith, [Mollie] Finesilver and [Dorothea] Eaitzin, absolutely and forever.”
The present controversy arose upon the accounting proceeding when Abraham failed to list in the account of the capital assets of the estate the proceeds of four Totten trust accounts in the name of the testatrix in which he was the named beneficiary as well as the proceeds of a joint account in the name of the testatrix in which he was the joint tenant. The sum total of these accounts was $68,853 and amounted to approximately 30% of the distributable estate. Dorothea and Mollie objected to the failure of Abraham to include the proceeds of the accounts for distribution under the terms of the compromise agreement.
The Surrogate sustained the objection and held that the sums on deposit in the afore-mentioned accounts were to be included as assets for distribution under the terms of the agreement. The Appellate Division unanimously reversed.
On this appeal the two daughters argue that the terms of the compromise agreement indicated that the five bank accounts were clearly intended to be divided equally among [the] decedent’s three children.” We cannot agree that such an intent was “ clearly ” evidenced by the terms of the compromise agreement, nor do we believe that the circumstances under which the agreement was executed “ clearly ” lead to that conclusion.
The purpose of the agreement was to compromise an attack on the will of the decedent, the residuary clause of which left Abraham a substantial portion of the estate. As a result of this settlement, each of the named appellants received approximately $70,000 instead of the $20,000 which was bequeathed by the testatrix.
The Totten trusts and the joint account, however, did not pass and would not have passed to Abraham under the residuary clause of the will. As the Appellate Division correctly observed, the proceeds of these accounts vested in Abraham at the testator’s death. Although they too might have been subject to *402 attack, they were not in issue at the time of the execution of the agreement.
The two appellants withdrew their objections to the will and consented to its probate and, in addition, agreed that the specific bequests to them of $20,000 each would become part of the “residuary estate which Schmith agrees to distribute equally among the parties.”
In the absence of any evidence in the record to indicate that those accounts were created at approximately the same time as the will or under similar circumstances and that they were likewise under attack at the time the agreement was entered into, it would not seem reasonable that Abraham would agree to relinquish his rights in that property—rights independent of the will.
In order to avoid this conclusion the appellants have taken a portion of the third numbered paragraph out of context and have attempted to attach to it a meaning which, although perhaps technically correct as to the trust accounts, does not appear to have been within the contemplation of the parties when the agreement is read as a whole.
It would appear, at least as to the Totten trusts, that the power of the testatrix to revoke the trust by a specific bequest of the property may be deemed to be a power of disposition over the property exercisable at the time of her death. (See Semerad, Succession, 1966 Survey of New York Law, 18 Syracuse L. Rev. 352, 363; see, also, Glasser, Trusts and Administration, id., p. 341.) “Words in a contract [however] are to be construed in the light of the ‘ apparent object of the parties ’ * * * and, although they ‘ would seem to admit of a larger sense, yet they should be restrained to the particular occasion and to the particular object which the parties had in view.’ ” (Inman v. Binghamton Housing Auth., 3 N Y 2d 137,147.)
As we have observed, and as the dissenting opinion recognizes, the purpose of the agreement in the contested probate proceeding was to equalize among the parties “ the preference manifested toward the son by the contested will”—not by the accounts. By virtue of the agreement, a substantial portion of the estate of the testatrix was divided equally among her children. The agreement in no way affected the right of the appel *403 lants to attack Abraham’s claim to the proceeds of the Totten trusts or the joint bank account.
In the absence of circumstances or language clearly and unmistakably indicating that it was the intent of the parties to the agreement to include within its provisions the proceeds of the accounts, we are reluctant to do so. (See Matter of Sterling, 264 App. Div. 308, affd. 290 N. Y. 820; cf. Kurek v. Port Chester Housing Auth., 18 N Y 2d 450, 456.)
The order of the Appellate Division should be affirmed, with costs to all parties appearing and filing separate briefs payable out of the estate.